IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. ROGERS, # N32117, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00304-GPM |
| ) | |
| S.A. GODINEZ, ) | |
| VICTOR DOZIER, ) | |
| MARY HALFORD, ) | |
| KIM REEDER, and ) | |
| HEALTH CARE PROVIDER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James L. Rogers, currently incarcerated at Vandalia Correctional Center ("Vandalia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a five year sentence for theft; he is slated for release in approximately May 2013. The complaint asserts that the defendant prison officials and health care providers were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Plaintiff is HIV-positive and also has Hepatitis C. In December 2011 he had an intake physical at Stateville Correctional Center; he was prescribed a medication regimen and a therapeutic "double portion" diet (*see* Doc. 1, p. 8). Approximately one week later, Plaintiff was transferred to Vandalia where an unidentified physician informed him that that institution does not permit therapeutic diets. Defendant Mary Halford, the director of nursing at Vandalia, was consulted after Plaintiff filed a grievance. Halford stated that no therapeutic diet had been ordered (*see* Doc. 1, p. 14). Plaintiff asserts that Halford actually removed the prescription from

Plaintiff's medical file. It is further alleged that Defendants Warden Victor Dozier and Illinois Department of Corrections ("IDOC") Director S.A. Godinez subsequently concurred with the denial of Plaintiff's grievance, and by extension with Halford (*see* Doc. 1, pp. 14-15). Plaintiff also sues Defendant Kim Reeder, an HIV Clinic nurse, who was "negligent" for ignoring Plaintiff's "cry for help" and not helping him secure a therapeutic diet.

Regarding the prescribed medication regimen, it is alleged that an unidentified doctor informed Plaintiff that he did not have "ample time" to complete the Hepatitis C medication regimen before his release date. Nursing director Mary Halford was consulted again, after Plaintiff filed a grievance. Halford confirmed that when there is not "ample time" to complete the treatment series, treatment is not commenced (*see* Doc. 1, p. 17). Warden Dozier and Director Godinez subsequently concurred with the denial of Plaintiff's grievance, thereby agreeing with Halford (*see* Doc. 1, pp. 17-18).

Plaintiff further asserts that the IDOC has denied him treatment in violation of the Eighth Amendment, although the IDOC is not a named defendant. An unidentified "Health Care Provider" is named as a defendant, for providing the physician who failed to provide treatment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## Analysis

### Mary Halford

The complaint states a viable Eighth Amendment claim against Mary Halford for deliberate indifference to Plaintiff's serious medical needs. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Holloway v. Deleware Cnty. Sheriff,* 700 F.3d 1063, 1072 (7th Cir. 2012).

### **S.A. Godinez**

Defendant Godinez is the director of the IDOC; in that capacity, he is the final step in the prison grievance process (*see* Doc. 1, p. 17). Consequently, Plaintiff's two grievances were presented to the Director for final review. However, "[t]he doctrine of *respondeat superior* does not apply to [Section] 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). The documentation submitted along with the complaint reveals that Godiez did not personally sign-off on the denial of Plaintiff's grievances (*see* Doc. 1, pp. 15 and 18). It is clear that "TA" signed on behalf of Godinez. Furthermore, there is nothing to suggest that Godinez acted with deliberate indifference. *See Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009) ("The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."). Therefore, the complaint fails to state a claim upon which relief can be granted as to IDOC Director S.A. Godinez in his individual capacity, and he shall be dismissed with prejudice.

Insofar as Godinez may be sued in his official capacity, such a suit is actually against the IDOC, which otherwise is not named as a defendant. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n. 2 (7th Cir. 2012). However, the bald, conclusory statement that the IDOC denied Plaintiff treatment (Doc. 1, p. 7) is insufficient under the *Twombly* pleading standard. Therefore, the Court will not take it upon itself to add the IDOC as a defendant and fashion a claim out of whole cloth.

### Victor Dozier

It is alleged that Warden Victor Dozier concurred with the denial of Plaintiff's two grievances, adopting Nursing Director Mary Halford's factual assertions and conclusions. Again, the doctrine of *respondeat superior* does not apply to Section 1983 actions. *Sanville,* 266 F.3d at 740. Plaintiff does not offer any evidence that Warden Dozier acted with deliberate indifference. Prison wardens are entitled to relegate to the prison medical staff the provision of good medical care. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Furthermore, merely being aware of a problem by way of a grievance, and ruling against a prisoner's grievance are not deliberate indifference. *See Johnson v. Snyder,* 444 F.3d 579, 584, 586 (7th Cir. 2006). Therefore, dismissal with prejudice is warranted.

### Kim Reeder

Plaintiff takes issue with Nurse Kim Reeder because she was negligent by failing to help Plaintiff secure his prescribed diet and medication regimen. Section 1983 requires that a prison official acted wantonly; negligence, even gross negligence, is not enough. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (citing *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)). Therefore, the complaint fails to state a claim upon which relief can be granted against Defendant Reeder, and she shall be dismissed with prejudice.

### "Health Care Provider"

Plaintiff sues an unidentified "Health Care Provider" for providing the physician who denied him treatment. As already noted, it is unclear whether Plaintiff is referring to the IDOC or a contract health care provider. In that respect, the complaint fails to meet the *Twombly* pleading standard. Furthermore, because the doctrine of *respondeat superior* does not apply to Section 1983 actions (*Sanville,* 266 F.3d at 740), and negligent hiring is not actionable under

Section 1983 (*see generally Gomez*, 680 F.3d 859, 864; *see also Bailey v. Faulkner*, 765 F.2d 102, 104-105 (7th Cir. 1985)).  Therefore, this claim must be dismissed with prejudice.

**Pending Motion**

Plaintiff has been granted leave to proceed as a pauper (Doc. 6); therefore, his motion for service of process at government expense (Doc. 4) shall be granted, pursuant to 28 U.S.C. § 1915(d).

Plaintiff's motion for appointment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, all Eighth Amendment claims against Defendants **S.A. GODINEZ**, **VICTOR DOZIER**, **KIM REEDER** and **"HEALTH CARE PROVIDER"** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **S.A. GODINEZ**, **VICTOR DOZIER**, **KIM REEDER** and **"HEALTH CARE PROVIDER"** are therefore **DISMISSED** from this action **with prejudice**.

**IT IS FURTHER ORDERED** that the *only* claims remaining in this action are, against Defendant **MARY HALFORD** for denying Plaintiff a therapeutic diet and Hepatitis C medication regimen in violation of the Eighth Amendment.  This case shall now be captioned as: **James L. Rogers, Plaintiff, vs. Mary Halford,  Defendant**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**.  The Clerk of Court shall prepare for Defendant **MARY HALFORD**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place

of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 2, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge