IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-304-MJR-DGW |
| ) | |
| MARY HALFORD, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Sanctions filed by Defendant, Mary Halford, on February 21, 2014 (Doc. 22).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Sanctions be **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On December 31, 2013, Defendant, Mary Halford, served a notice upon Plaintiff, James Rogers, that his deposition would occur on January 16, 2014 at 9:00 a.m. at the Office of the Illinois Attorney General in Springfield, Illinois (Doc. 22-2, p. 1-2).  The Notice was mailed to Plaintiff at his address, 1401 East Michigan Avenue, Urbana, Illinois 61801, the same address that is on file with the Clerk of Court.  Plaintiff did not contact defense counsel to indicate that the date, time, or location was inconvenient nor did he indicate that he would not be able to attend his

deposition.[1] Plaintiff failed to appear at his deposition. Defendant's Motion seeks the sanction of dismissal or, at least, costs in the amount of $82.00 (which represents court reporter fees). Plaintiff has not responded to the motion and the time for response has elapsed.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(d)(1)(A) provides that the court may impose sanctions if a party fails to appear at his deposition. The sanctions available include, among other things, reasonable attorney fees and costs and those sanctions listed in Rule 37(b)(2)(A)(i)-(vi) which include striking pleadings, staying proceedings, and dismissing actions. *See* FED.R.CIV.P. 37(d)(3). The sanction of dismissal for a discovery abuse is generally reserved for when "the party's actions display[ ] willfulness, bad faith, or fault" and must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

In this matter, Plaintiff failed to appear for his deposition but there is no indication that his failure to appear is the result of willfulness, bad faith, or fault. Indeed there is no indication of a pattern or repeated failure to comply with the discovery rules. However, the failure to appear at a deposition does warrant sanctions in light of the prejudice to Defendant and direction that "the court must require the party failing to act . . . to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED.R.CIV.P 37(d)(3).[2] Plaintiff was given notice of the deposition and did not indicate that the time or date would be inconvenient. Defendant's counsel and a court reporter appeared at the deposition but it was not held because of Plaintiff's failure to

---

[1] There is no showing that mailing a notice two-and-a-half weeks prior to a deposition, is not reasonable notice. FED.R.CIV.P. 30(b)(1).

[2] Defendant has not sought attorney's fees in addition to the expense of $82.00.

appear. Indeed, Plaintiff has failed to respond to the motion for sanctions and has not provided any explanation for his failure to appear. This matter should not proceed until Plaintiff has made an affirmative step that would indicate a willingness to prosecute this matter.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Sanctions filed by Defendant, Mary Halford, be **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** (Doc. 22), that Plaintiff be ordered to pay sanctions in the amount of $82.00 to Defendant's counsel within 30 days of the date of the District Court's Order, that this matter be **STAYED** pending payment of the sanction, that this matter be dismissed, with prejudice, for want of prosecution and failure to comply with the Orders of the Court if Plaintiff fails to pay the sanction by the deadline, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 1, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**