IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-0304-MJR-DGW |
| | ) |
| MARY HALFORD, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

      While incarcerated at Vandalia Correctional Center within this Judicial District, James L. Rogers (Plaintiff) filed suit against five Defendants (correctional officials and health care providers), pursuant to 42 U.S.C. 1982. The complaint asserted that Defendants were deliberately indifferent to Plaintiff's serious medical needs (he is HIV-positive and has Hepatitis C), in contravention of the Eighth Amendment to the United States Constitution. The case was randomly assigned to the Honorable G. Patrick Murphy, District Judge. On threshold review under 28 U.S.C. 1915A, Judge Murphy concluded that the complaint stated a viable Eighth Amendment deliberate indifference claim against one Defendant -- Mary Halford, the Director of Nursing at Vandalia Correctional Center. Judge Murphy dismissed the other claims/Defendants, ordered service on Defendant Halford, and referred the matter to Magistrate Judge Donald G. Wilkerson for pretrial proceedings.

      After Halford answered the complaint, Judge Murphy set trial for the presumptive trial month of May 2015. When Judge Murphy retired from the federal bench in December 2013, the case was transferred to the undersigned District Judge. Now before the Court is a Report and Recommendation (Report, Doc. 23) submitted by Judge Wilkerson as to Defendant Halford's February 21, 2014 motion for sanctions (Doc. 22). The Report recommends that the undersigned District Judge partially grant and partially deny Halford's motion for sanctions.

Page **1** of **3**

Judge Wilkerson explains the following in the Report, inter alia: Federal Rule of Civil Procedure 37(d)(1)(1) permits the imposition of sanctions if a party fails to appear at his deposition; Plaintiff received notice of the deposition and did not indicate a problem with the time or date; Defendant's counsel and a court reporter appeared at the deposition; Plaintiff failed to appear for his deposition (but there is no indication that the failure was the result of willfulness, bad faith, or fault); Defendant was prejudiced by Plaintiff's failure to appear and participate in the deposition (e.g., the discovery deadline has closed); Plaintiff failed to respond to Defendant's motion for sanctions; and Plaintiff has not provided any explanation for his failure to appear. The Report recommends that the Court partially grant the sanctions motion as follows (Doc. 23, p. 3):

> that Plaintiff be ordered to pay sanctions in the amount of $82.00 to Defendant's counsel within 30 days of the date of the District Court's Order, that this matter be STAYED pending payment of the sanction, [and] that this matter be dismissed with prejudice, for want of prosecution and failure to comply with the Orders of the Court, if Plaintiff fails to pay the sanction by the deadline….

The Report (which was dated and docketed April 1, 2014) stated that the parties had fourteen days (after service of the Report) to file written objections thereto, and that failure to file a timely objection could be treated as waiver of the right to challenge the recommendations contained in the Report (Doc. 23, p. 3). A separate Notice (Doc. 23-1, p. 1) repeated the deadline for objecting to the Report (April 18, 2014). As of May 5, 2014, the objection deadline had long elapsed, and no party had filed any objections to the Report.

Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct *de novo* review of the Report and Recommendations. **28 U.S.C. 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn,* 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

Page **2** of **3**

The Court hereby **ADOPTS** Magistrate Judge Wilkerson's Report (Doc. 23) in its entirety, **GRANTS in part** (as to the payment of the court reporter's fee for the canceled deposition) and **DENIES in part** (as to the request for immediate dismissal of this suit) Defendant Halford's sanctions motion (Doc. 22), **ORDERS** Plaintiff to pay $82.00 to defense counsel (Htin Myat Win, Illinois Attorney General's Office, 500 South Second Street, Springfield, IL  62706) no later than May 26, 2014, and **STAYS** this case pending payment of the $82.00 sanction.[1]  If defense counsel receives payment, counsel should file a Status Report with the Court indicating the date and amount of payment received.

Finally, Plaintiff is **WARNED** that failure to pay the $82.00 by the May 26, 2014 deadline will result in dismissal of this case with prejudice for want of prosecution and failure to comply with Orders of this Court.

IT IS SO ORDERED.

DATED May 5, 2014

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge

---

[1] The records indicate Plaintiff Rogers is no longer confined at Vandalia Correctional Center or any other Illinois Department of Corrections facility but rather was paroled in June 2013.  The last address provided by Plaintiff was in Urbana, Illinois.

Page **3** of **3**